(33 App. Div. 639.)

### PRITCHARD v. MARVIN et al.

(Supreme Court, Apellate Division, First Department.    October 21, 1898.)

ATTORNEY AND CLIENT—SUMMARY PROCEEDING TO RECOVER MONEY COLLECTED.
    An attorney, who has wrongfully collected money and withheld it from his client, may be compelled to restore it to the client, on summary proceedings by the client for a rule to show cause.

Appeal from special term.

In the matter of the application of Nathaniel B. W. Pritchard against Richard Marvin and another to show cause why certain moneys held by defendants as attorneys should not be paid to petitioner. From a judgment of the supreme court granting the order, defendants appeal. Affirmed.

The following is the opinion of the court below (NASH, J.):

The evidence is sufficient to support the finding of the referee that Alexander and Wells represented themselves as attorneys and counselors, and that they transacted business as such, in the name of Marvin & Wells, at the office of Marvin, or Marvin & Wells, 190 Franklin street, with the knowledge and consent of Marvin, and that he personally participated in the business, taking a share of the profits. Mr. Marvin testifies that his name was up at 190 Franklin street as attorney and counselor at law; that his was the only name on the sign; the names of Alexander and Wells were not there; that they did a collection business, and paid him for counsel and legal advice, and his fees as attorney; he was paid by Wells, and sometimes by Alexander. He says he saw Pritchard there four or five times, and he heard his name mentioned by them (Alexander and Wells). In answer to the direct question put to him in cross-examination, as to whether he got any fee for the judgment that was entered against Knoll, Pritchard & Co., he says: "I don't know. I didn't get a fee for special cases. I got money in a lump. When I would want money, I would go there and get it, or write for it. Q. And that arose from the business done for the collection agency, I understand you? A. Yes, sir." There is a greater significance in what Marvin does not testify to, than in what he saw fit to disclose, regarding his business relations with Alexander and Wells, the precise character of which does not appear. Wells, who appears to have been the chief operator there, was present at the hearing, and was not sworn, and Alexander was not produced as a witness. The practice by which Alexander and Wells obtained the moneys which came into their hands was simply villainous. They were, as it appears, employed by Kolb to get for him the money he had loaned to Pritchard. Kolb took them to Pritchard, and introduced them to him as attorneys who would get the money for Kolb out of his (Pritchard's) firm, and a stand in the market for him. They got Pritchard to make the note of Kolb, Pritchard & Co. for $1,500, without consideration, to a fictitious payee, and to make a firm mortgage to Johnston purporting to secure him for services never rendered. They procured their client, Pritchard, to consent to service upon him, and have judgment rendered against his firm, and its goods to be seized by the sheriff. They had a suit brought against Pritchard on Kolb's note, in the name of Tobin, as plaintiff, by Marvin, attorney. They advised Pritchard that it would not be safe for him to retain collections made by him for his firm, but to pass the money over to them, and, for the purpose of carrying out their plans, kept him in hiding for a week or more. If the procuring of a judgment against Pritchard's firm upon a fictitious promissory note, and the seizure of their goods under an execution thereon, was not a proceeding pending in court by which the right of Pritchard as a party to that action was "defeated, impaired, impeded, or prejudiced," this may be regarded as a proceeding against the respondents for the payment of moneys which they wrongfully obtained and withheld from their client. Bliss' Code (2d Ed.) pp. 20, 21, note to section 14. Order signed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

D. E. Anthony, for appellants.

A. Kling, for respondent.

PER CURIAM. Order affirmed, with costs, on opinion of NASH, J., in the court below.